111 N.J. Super. 11 (1970)
266 A.2d 599
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HARRY B. FORD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 22, 1970.
Decided July 4, 1970.
*12 Before Judges CONFORD, COLLESTER and KOLOVSKY.
Mr. Norman Telsey (assigned counsel) argued the cause for appellant.
Mr. Gerard J. Di Nicola, Salem County Prosecutor, argued the cause for respondent (Mr. Willard Bernstein, Assistant Prosecutor, on the brief).
PER CURIAM.
Defendant was convicted of breaking and entering a tractor and trailer with intent to steal and of stealing three cases of apples of a value of $24.
*13 On this appeal defendant urges error in the handling by the trial judge of the issue whether defendant had been afforded the warnings called for under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) by the arresting police officer before defendant gave him an incriminatory statement.
There was a sharp issue of fact whether the necessary warnings were given. Defendant and two supporting witnesses testified they were not; the officer, that they were. After a preliminary hearing out of the presence of the jury the judge found the statements were admissible "by the greater weight of the believable testimony." He informed the jury he had found the testimony as to the statements admissible but that the jury was "not to assume from that that I have decided it is a voluntary statement." It was, he said, for the jury to decide whether it was a voluntary statement or whether defendant was "advised as to his rights." If found to be "voluntary" the statement could be accorded such consideration as the jury wished to give it. The court denied a request of counsel to inform the jury what the Miranda warnings were.
In his charge to the jury at the end of the trial the judge said nothing about the matter as to the giving of the warnings, said again substantially what is set forth above as to his determination as to admissibility of the statement, and concluded the subject by informing the jury that if they found the statement involuntary they were to disregard it completely.
The court's refusal to instruct the jury as to the warnings required under Miranda and that if they found the warnings were not given, to disregard the statement completely, was reversible error. Since the jury had the ultimate responsibility of passing upon whether the warnings were given, see State v. Magee, 52 N.J. 352, 368-369 (1968), cert. den. sub nom. Magee v. New Jersey, 393 U.S. 1097, 89 S.Ct. 891, 21 L.Ed.2d 789 (1969), they as lay people had to be told what those requisite warnings are.
*14 Moreover, the court erred in applying the standard of preponderance of the evidence in respect of its own preliminary determination. While there has been some doubt on the point, State v. Yough, 49 N.J. 587, 597-600 (1967), the last word on the subject by the Supreme Court is that the judge should employ the standard of "beyond a reasonable doubt," Id., at 601; and of course the jury should be instructed to employ the same criterion where the issues of voluntariness and Miranda warnings are passed along to it.
Defendant further contends that the judge here failed to make the necessary preliminary determination of voluntariness. We think it clear that he did; it is preferable practice, however, for the judge not to allude to the matter of voluntariness at all, as here he did, when informing the jury that he has ruled that the statement is admissible. Cf. State v. Wolf, 44 N.J. 176, 194 (1965).
We do not discuss the criticism by defendant of certain remarks in summation by the prosecutor. Both the remarks by the prosecutor and those of defendant's counsel, to which the former were retaliatory, were improper, and should not be repeated at the new trial.
A further criticism by defendant of certain comments on the evidence by the court in its charge to the jury is without merit.
We further point out on our own motion that the court should simplify its charge on aiding and abetting at the retrial. The charge here given, particularly as amplified in response to a question from the jury, was confusing, and could have given the jury the erroneous impression that defendant's own testimony afforded sufficient basis for conviction for breaking and entering and larceny. What defendant here testified to would not of itself establish aiding and abetting.
Reversed.